IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01153-GPG

NATHANIEL L. BATTLES,

     Applicant,

v.

T. K. COZZA-RHODES,

     Respondent.

_____

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION
_____

     Applicant, Nathaniel L. Battles, is a prisoner in the custody of the Federal Bureau of Prisons.  Mr. Battles has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  The court must construe the application liberally because Mr. Battles is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Battles will be ordered to file an amended application if he wishes to pursue any claims in this action.

     The application is deficient because Mr. Battles fails to provide a clear statement of the claims he is asserting.  Mr. Battles contends that his constitutional rights have been violated in prison disciplinary proceedings but he fails to assert any specific claims for relief in the application, he fails to identify the specific disciplinary proceedings he is challenging, and he fails to allege specific facts that demonstrate his federal

constitutional rights have been violated.  The vague, conclusory, and generic allegations in the one-page attachment to the application are not sufficient to identify the specific claims for relief Mr. Battles is asserting and do not demonstrate he is entitled to habeas corpus relief.  Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Battles "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Battles must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of his claims that identify the prison disciplinary proceedings he is challenging and demonstrate he is entitled to relief.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [government] should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Battles

file an amended application that clarifies the federal constitutional claims he is asserting.  It is

FURTHER ORDERED that Mr. Battles shall obtain the appropriate, court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Battles fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED June 22, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge