IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01153-GPG

NATHANIEL LAMAR BATTLES,

    Applicant,

v.

T. K. COZZA-RHODES,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Nathaniel Lamar Battles, is a prisoner in the custody of the United States Bureau of Prisons (BOP) currently incarcerated at the United States Penitentiary, Florence High, in Florence, Colorado.  Applicant initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Applicant has paid the $5.00 filing fee.

    On June 22, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Applicant to file an amended application if he wished to pursue his claims in this action.  Specifically, Magistrate Judge Gallagher directed Applicant to provide a clear statement of the claims he is asserting; to identify the specific disciplinary proceedings he is challenging; and to allege specific facts that demonstrate how his federal constitutional rights have been violated.  On July 24, 2015, Applicant filed an Amended Application (ECF No. 11).

    On July 29, 2015, Magistrate Judge Gallagher ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of

administrative remedies if Respondent intended to raise that defense in this action.  On August 18, 2015, Respondent filed a Preliminary Response arguing that this action should be dismissed for failure to exhaust administrative remedies.  Although Applicant was given the opportunity to file a reply, he did not do so within the time allowed.

The Court must construe liberally the Amended Application because Applicant is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

Applicant claims his due process and equal protection rights were violated during prison disciplinary proceedings based on 21 separate incident reports.  (ECF No. 11, at 2-3, 6).  Specifically, Applicant asserts that "the Discipline Hearing Officer refused to call witnesses or permit the presentation of video evidence which was exculpatory in nature."  (*Id.,* at 6).  Applicant further alleges that he "suffers from a serious mental illness, yet the Bureau of Prisons did not follow 28 C.F.R. 541.6 nor followed community standards of care in performing a psychological/psychiatric evaluation."  (*Id.*).  Applicant also alleges that he was not given a copy of the written findings outlining the decision and evidence relied upon for finding Applicant guilty of committing the infractions charged in the 21 incident reports.  (*Id.*).  Finally, Applicant asserts that he is African American and that he was given excessive sanctions, "such that were not applied to similarly situated white prisoners."  (*Id.*).  Applicant seeks "expungement of all incident reports, sanctions."  (*Id.,* at 5).

Respondent asserts that based on the BOP's administrative remedy records, Applicant has failed to exhaust his administrative remedies for Incident Report Nos. 2482035, 2451858, 2463371, 2459819, 2453193, 2451985, 2451381, 2358785, 2358689, 2386548, 2387439, 2387444, 2387477, 2354299, 2354312, 2385820, 2398143, 2389473, 2381260, 2389471, and 2377452, the reports at issue, before he filed this action. Respondent further asserts that based on the SENTRY database, which is used by the BOP to track administrative remedy complaints and appeals for each inmate, *see* Prelim Resp., Attach 1, ECF No. 17-1, at 4-5, Applicant has filed 16 administrative remedy requests or appeals throughout his federal incarceration, but that none of the 16 filings relate to the claims at issue in the Amended Application. The Court agrees that the Administrative Remedy Report submitted by Respondent does not list any entries confirming Applicant's exhaustion of the claims he raises in this action.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Applicant. See 28 C.F.R. §§ 542.10-19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own

confinement." *Id.* at § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See id.* at 28 C.F.R. §§ 542.13-15. Initial appeals at the institution level, however, are excepted in prison disciplinary proceedings; an inmate initially files an appeal of a DHO hearing to the regional director before pursuing a national appeal. *Id.* at § 542.14(d)(2).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level. *Id.* at § 542.15. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.* at § 542.18.

This Court's review of only exhausted claims is "grounded in strong principles of judicial economy and respect for administrative agency deliberation." *United States v. Eccleston*, 521 F.3d 1249, 1256 (10th Cir. 2008) (citing *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (a 42 U.S.C. § 1983 action that lists seven policy reasons supporting administrative exhaustion requirements)). One of the reasons a court reviews only exhausted claims, as stated in *Johnson*, is to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." *Johnson*, 418 F.3d at 1156.

There are reasons for waiving exhaustion requirements. Exhaustion may be waived where an applicant claims prison staff thwarted, prevented, or hindered him from

utilizing the administrative remedy process, *Little v. Jones*, 607 F.3d 1245 (10th Cir. 2010), or it is futile to exhaust the administrative process because there is an adverse decision that would dispose of the exact issue raised by the applicant, *see Goodwin v. Oklahoma*, 923 F.2d 156, 157-58 (10th Cir. 1991). Neither hindrance nor futility is at issue in this case. Also, Applicant's health or safety is not at issue.

Because the BOP is in a "superior position to investigate the facts, judicial intervention usually is deferred until administrative remedies have been exhausted." *See Williams*, 792 F.2d at 987. Circumventing the administrative exhaustion process by filing a habeas corpus application before exhausting undermines the system designed for effective and efficient administration of justice. *See Woodford*, 548 U.S. at 90-91. Therefore, the Court finds that judicial economy and respect for administrative agency deliberation supports a dismissal of this action for failure to exhaust the BOP's administrative remedy procedure before filing a federal § 2241 action in this Court.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Amended Application (ECF No. 11) is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.

DATED at Denver, Colorado, this 25th day of September, 2015

BY THE COURT:

s/Lewis T. Babcock
_____
LEWIS T. BABCOCK, Senior Judge
United States District Court